No. 22-4494

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**UNITED STATES OF AMERICA,**
*Plaintiff/Appellee,*

**v.**

**TERRANCE ORLANDO CHATMAN, JR.**
*Defendant/Appellant.*

————————

On Appeal from the United States District Court
for the Western District of Virginia
Abingdon Division (Hon. James P. Jones)

————————

BRIEF OF THE APPELLANT

————————

**JUVAL O. SCOTT**
Federal Public Defender
    for the Western District of Virginia

**NANCY C. DICKENSON-VICARS**
Assistant Federal Public Defender
Counsel for Appellant
201 Abingdon Place
Abingdon, Virginia
(276) 619-6080

<u>TABLE OF CONTENTS</u>

Table of Authorities.....................................................................iii

Statement of Jurisdiction..........................................................1

Statement of the Issues.............................................................2

    1. Whether the government's obligation to provide *Brady* disclosures
      applies to supervised release violation hearings...........................2

    2. Whether the district court erred by failing to grant the defendant's
      motion to reconsider the violation based on new evidence provided
      by the government the day after the hearing.
      ..............................................................................................2

Statement of the Case ................................................................2

Standard of Review ...................................................................8

Summary of Argument...............................................................8

Argument...................................................................................9

    I.    The government's obligation to provide *Brady* disclosures
        should extend to supervised release violation hearings .............9

    II.   The district court erred by failing to grant the defendant's
        motion to reconsider the violation based on new evidence
        provided by the government the day after the hearing. ...........10

Conclusion ..............................................................................12

Statement Regarding Oral Argument ......................................13

Certificates of Compliance and Service ...................................13

## TABLE OF AUTHORITIES

### Cases

*Brady v. Maryland,* 373 U.S. 83 ............................................... 13, 14

*Gagnon v. Scarpelli*, 411 U.S. 778 (1973) ..................................... 14

*United States v. Copley,* 978 F.2d 829, 831 (4th Cir. 1992) ............... 12

*United States v. Padgett,* 788 F.3d 370. 373 (4th Cir. 2015) .............. 13

<u>Statutes, Court Rules and Sentencing Guidelines</u>

18 U.S.C. § 3231 ................................................................................. 1

18 U.S.C. § 3742 ................................................................................ 2

28 U.S.C. § 1291 ................................................................................ 2

No. 22-4494

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

TERRANCE ORLANDO CHATMAN,
*Defendant/Appellant.*

---

On Appeal from the United States District Court
for the Western District of Virginia
Abingdon Division (Hon. James P. Jones)

---

BRIEF OF THE APPELLANT

---

## STATEMENT OF JURISDICTION

The district court had jurisdiction of this supervised release case under 18 U.S.C. § 3231. This is an appeal of a revocation sentence of 37 months custody. Joint Appendix (JA90). Terrance Orlando Chatman, Jr., by counsel, moved to stay the judgment and reconsider the finding of revocation following entry of the judgment based on the government's notice that the testifying police officer

had given incomplete testimony at the supervised release violation hearing. JA 95. The Court denied the motion. JA 249. Mr. Chatman noted his appeal. JA 257. Jurisdiction is present under 28 U.S.C. § 1291 and 18 U.S.C.§3742(a).

## STATEMENT OF THE ISSUES

1. Whether the government's obligation to provide *Brady* disclosures applies to supervised release violation hearings.

2. Whether the district court erred by failing to grant the defendant's motion to reconsider the violation based on new evidence provided by the government the day after the hearing.

## STATEMENT OF THE CASE

Terrance Orlando Chatman, Jr. was subject to a three-year term of supervised release in the Western District of Virginia. On October 8, 2020, Mr. Chatman was charged with a violation petition by the probation office. JA38-39. The probation office charged Mr. Chatman with violating a Mandatory Condition: "The defendant shall not commit another federal, state, or local crime." The federal violation petition was based on state charges brought against him in Bluefield, West Virginia,

consisting of five counts of distribution of heroin, five counts of conspiracy to distribute heroin, one count of possession with intent to distribute heroin, one count of possession with intent to distribute methamphetamine, one count of possession with intent to distribute marijuana and one count of being a prohibited person in possession of a firearm. The West Virginia state charges of drug distribution were eventually dismissed, and Mr. Chatman fell to the federal detainer based on the probation violation and held in custody without bond. On May 16, 2022, a violation report was filed with the Court adding two additional violations alleging marijuana use by Mr. Chatman and accusing him of associating with someone who smoked marijuana. JA273-276.

Mr. Chatman contested the violations brought by the probation officer. Prior to the hearing, Mr. Chatman, by counsel, filed a Memorandum in Advance of Revocation Hearing asserting his rights to due process. JA40-47. Because Mr. Chatman was being brought before the Court on unadjudicated conduct related to dismissed state conduct, Mr. Chatman sought the ability to confront the confidential informant utilized by the state authorities and disclosure of all discovery to which

he was entitled. He also urged the Court to employ the reasonable doubt standard.

The supervised release violation hearing was held on May 26, 2022. As a preliminary matter, counsel for Mr. Chatman urged the Court to employ the standard of proof of beyond a reasonable doubt rather than by a preponderance of the evidence, which the court denied. (JA103-106). The government did not provide any discovery material regarding the disciplinary history of the police officer it intended to call as a witness.

At the violation hearing, the government offered the testimony of the probation officer who brought the petition against Mr. Chatman, a police officer from Bluefield, W.V. and two laboratory analysts. The government did not call the confidential informant as a witness, nor did it utilize any audio or video recordings of any purported drug distributions allegedly made by the defendant.

The probation officer, Robert Hagy testified that Mr. Chatman provided a urine screen that tested positive for marijuana. Mr. Hagy also testified that Mr. Chatman signed an admission form stating that he had used marijuana with a female acquaintance. (JA107-108) Mr. Hagy also testified on cross-examination that Mr. Chatman lived with his sister at

her residence on 2325 Washington Street in Bluefield, West Virginia. JA111. Mr. Hagy said he visited Mr. Chatman at this residence on several occasions.

Following the testimony of the probation officer, the government called Bluefield, WV police officer John Murray who testified he had worked for the Bluefield, West Virginia Police Department from 2006 to 2015. He left the department to work at a federal prison and returned to the department in 2017. (JA115) As a member of the Southern West Virginia Drug and Violent Crime Task Force, he was the investigating officer in the prosecution of Mr. Chatman in the state charges in Mercer County, West Virginia, which were dismissed prior to Mr. Chatman's federal supervised release violation.

Officer Murray testified it was his knowledge that Mr. Chatman was living in a detached "apartment" at the rear of the residence at 2526 Washington Street which was his sister's residence. He said it was his "belief"[1] he began his investigation in June or July of 2020. He testified he received complaints from neighbors about the amount of traffic to the

[1] Officer Murray used the words "I believe" to couch his testimony in vague language at least 15 times, prompting the Court to caution the witness to "answer to the best of your ability, but you need to tell us if you're not sure about something" (JA 134).

residence, so he conducted surveillance. However, Officer Murray testified he did not maintain any records of his surveillance. (JA162) He said he observed a volume of traffic and organized confidential informants to purchase drugs from Chatman at the apartment and from a separate location at a business in Bluefield. The officer said he recorded telephone calls of the controlled purchases to which he listened. These calls were not introduced into evidence.

Officer Murray obtained a search warrant for the residence identified as 2325 Washington Street, which was the residence of Mr. Chatman's sister and where Mr. Hagy testified that Mr. Chatman resided. This location was separate and distinct from the detached apartment where the search warrant was conducted. The officer testified that he arrested Mr. Chatman after he ran out the back entrance of the apartment.

Officer Murray identified photographs taken during the search warrant allegedly found in the apartment including a letter addressed to Mr. Chatman, firearms, Chatman's wallet, and $1400 in cash. He testified three sets of digital scales were found in the kitchen, marijuana

and a bag of a substance later determined by laboratory analysis to be methamphetamine.

On cross-examination, when asked if he had ever been the subject of any disciplinary action at either the Bluefield Police Department or at the federal prison, Officer Murray testified he had only been placed on leave one time for failing to report that while being intoxicated as a passenger in a car, the driver fired a pistol out the vehicle into a closed business. (JA155-158).

Following the government's evidence, the district judge found by a preponderance of the evidence that Mr. Chatman had violated the terms and conditions of his supervised release. The judge imposed a sentence at the high end of the guideline range, a term of 37 months, with no supervision to follow. (JA90)

The next day the government filed a Notice Regarding Testimony at Defendant's Revocation Hearing, advising the Court that Officer Murray reported after the hearing that he failed to report another incident where he was disciplined by the Bluefield Police Department and suspended without pay for three days. (JA93). Based on the disclosure, the defendant filed a motion to stay the finding of the

violation, also advising the court of an additional unreported civil suit against Officer Murray in support of its request for reconsideration of the finding of revocation. (JA95) The government sought leave to investigate the disciplinary action and filed four status reports with the court. (JA 225, JA 228, JA 230, JA 233, JA 235).   The government eventually reported the second disciplinary action against Officer Murray detailing the disciplinary actions taken against him.

The Court ultimately ruled in favor of the government and denied the defendant's motion to stay the judgment. In its opinion, the Court also took judicial notice of the unreported civil action against Officer Murray involving excessive force which resulted in a settlement and dismissal.  (JA249).

This appeal followed. (JA257)

<u>STANDARD OF REVIEW</u>

This Court will review the district court's decision to revoke a defendant's supervised release for abuse of discretion. *United States v. Copley*, *978 F.2d 829, 831 (4th Cir. 1992)*.   The standard of review of the district court's factual findings underlying the revocation will be

8

reviewed for clear error. *United States v. Padgett, 788 F.3d 370, 373 (4ᵗʰ Cir. 2015)*.

## SUMMARY OF ARGUMENT

The failure of the government to provide defense counsel with the police officer's disciplinary history prior to the revocation hearing amounted to a violation of *Brady v. Maryland, 373 U.S. 83 (1963)* and deprived Mr. Chatman of his due process rights to a fair hearing.

The Court's failure to reconsider the violation after being made aware of new evidence regarding the police officer's lack of credibility deprived Mr. Chatman of due process.

The testimony of the police officer was not credible and was not sufficient to convict Mr. Chatman of the supervised release violation.

## ARGUMENT

1. The government's obligation to provide *Brady* disclosures should extend to supervised release violation hearings.

Terrance Chatman was not provided with critical discovery material prior to his supervised release violation hearing. The

government failed to notify Mr. Chatman's counsel that Officer Murray had been the subject of two disciplinary actions and a civil suit for excessive force while an officer at the Bluefield, West Virginia Police Department. This was information known both to Officer Murray and to the Bluefield, West Virginia Police Department. During cross-examination, Officer Murray only disclosed one of the two disciplinary actions and failed to reveal the civil action. Officer Murray's credibility was an issue at the hearing. The failure of the government to provide this information negatively impacted Mr. Chatman's right to a fair hearing.

Since the Supreme Court made it clear in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) that persons subject to supervised release violations are entitled to the right to counsel, it should also flow that the provisions of *Brady* should apply to supervised release violations hearings. It is critical that effective representation requires effective fact finding. Effective fact finding only happens when the government provides the required discovery materials so that counsel can be adequately prepared to represent their client. Here, Mr. Chatman was denied the ability to effectively investigate the disciplinary history of the testifying police

officer, whose own testimony was untruthful and misleading about his disciplinary history.

2. <u>The district court erred by failing to grant the defendant's motion to reconsider the violation based on new evidence provided by the government the day after the hearing.</u>

The district court erred in failing to grant the defendant's motion to reconsider the finding of violations based on the new evidence because it showed that the police officer's testimony was not credible. The district court declined to reconsider its finding, holding that it had limited power to reconsider criminal judgments and that it did not have jurisdiction to reconsider the judgment in the case. However, Federal Rule of Criminal Procedure Rule 57(b), Procedure When There is No Controlling Law, states in relevant part, "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." The defendant relied on analogous Federal Rule of Civil Procedure, Rule 59(e) (motion to alter or amend judgment) and 60(b) (relief from judgment based on newly discovered evidence) in urging the Court to reconsider its finding. The Court gave great weight to the credibility of Officer Murray:

First, I do find credible the testimony of the witnesses who testified for the government. And in particular, testimony of John Murray, the Bluefield, West Virginia, police detective. The events in question, of course, occurred in 2020. And Mr. Murray did have, on occasion, the habit of saying he believed something, but upon direction from the Court he answered questions thereafter either that he remembered or he didn't remember, and he answered many questions, including those from the government, that were, presumably, asked to try to exhibit relevant evidence that he did not remember. And I had the opportunity to observe Mr. Murray and consider the credibility of his testimony. And while things like videos and audios would have been helpful, I do not believe that they detracted from the credibility of Mr. Murray.

Again, these events happened in the past. The government does not have to introduce all of the evidence that may be available to prove a case. And there's no indication in any of the evidence that there's been any evidence that's helpful to the defendant that's not been produced or testified to. (JA214-215)

The Court should have reconsidered its findings and set aside the violation findings based on Officer Murray's untruthfulness, lack of credibility and the manifest injustice to Mr. Chatman.

The Court's failure to grant the motion to reconsider is at the very least a violation of due process and is an anathema to this country's convention of ordered liberty.

## CONCLUSION

The Court should reverse the District Court's findings that Mr.

Chatman violated the terms and conditions of his supervised release.

Respectfully submitted this 29th day of November 2022.

Respectfully Submitted,

Terrance Orlando Chatman
By Counsel

JUVAL O. SCOTT
Federal Public Defender
Western District of Virginia

**Nancy Dickenson-Vicars**
Assistant Federal Public Defender
Virginia State Bar # 28120
Attorney for the defendant
Federal Public Defender's Office
201 Abingdon Place
Abingdon, VA 24211
Telephone: (276) 619-6086
Fax: (276) 619-6090
nancy_dickenson@fd.org

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for appellant asserts that the Court would likely be assisted by oral argument and requests that oral argument be granted, but that it be granted in an expedited manner given the difficulty of remedying the remaining sentence at issue.

## CERTIFICATE OF COMPLIANCE

1.  This brief of the appellant has been prepared using Microsoft Office 360 software, Century Schoolbook, 14-point proportional type size.

2.  EXCLUSIVE of the table of contents, table of authorities, statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains 13 pages and is compliant with Fed. R. App. P. 32(a)(7).

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

11.29.2022                     /s/Nancy C. Dickenson-Vicars
Date                           Nancy C. Dickenson-Vicars
                               Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing document was electronically filed and will be forwarded to the Assistant United States Attorney, this 29th day of November 2022.


                               s/Nancy C. Dickenson-Vicars